HENRY FRENCH, TRUSTEE, ET AL., Appellants, v. THOMAS
H. MASTIN, TRUSTEE, ET AL., Respondents.

Kansas City Court of Appeals, December 7, 1885.

1.  WILL—CONSTRUCTION OF—CHARGE UPON FUNDS IN HANDS OF EX-
    ECUTORS—CASE ADJUDGED.—Where a will provided, among other
    things, for a division of funds, coming into the hands of executors,
    and that before such division there should be deducted a certain
    specified amount from the share of one among those entitled to such
    division, this creates a charge upon the *funds* coming into the
    hands of the executors, but not upon *real estate* which does not
    come into the possession or under the control of the executors.

2.  ——— PROVISION AS TO REAL ESTATE.—Where the same will pro-
    vided for a division of real estate in kind, and also for the contin-
    gency of inability or unwillingness to make such division ; and the
    land was actually divided in kind among the devisees as provided
    by the will, the executors of the said will had no power whatever
    over it.

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

John Harris, in 1867, divided the northwest quarter,
section twenty, township forty-nine, range thirty-three,
in Jackson county, Missouri, into eight twenty acre lots,
for the purpose of division among his eight children.
Said lots were numbered from one to eight. His daughter,
Sarah Ann Behan, plaintiff in this case, was to have lot
five, but before the deed was made to her, and while the
title was still in the father, John Harris, John S. Harris,
son of John Harris, made a sale of said lot five to W. R.
Bernard.  John Harris, then, instead of making the deed
to said lot five to his daughter, Sarah Ann Behan, made
it direct to said Bernard. The consideration for said
deed to Bernard was a house and lot in Westport,

Missouri, conveyed by Bernard and wife to John S. Harris, trustee, for Sarah Ann Behan, and $1,000, paid to John S. Harris as trustee aforesaid.

John Harris died leaving a will, which was duly probated August 18, 1873. The will is as follows:

"I, John Harris, of the town of Westport, county of Jackson, and state of Missouri, do make and publish this my last will and testament, hereby revoking all former wills by me made.

"First.—I give and bequeath to my beloved wife, Henrietta, all of the moneys, choses in action and personal property of every kind and nature; the moneys and choses in action, however, to be taken, collected, and held by my executors, and by them loaned out on good security, the interest and income arising therefrom shall be paid over from time to time to my said wife, and also so much of the principal as may be necessary for her support, maintenance and comfort, to the end that she shall not be in want of any of the comforts of life or dependent on anyone.

"Second.—I give, devise and bequeath all of my real estate and whatever amount, if any, there may be in the hands of my executors at the time of the death of my wife, as follows:

"The one-eighth thereof to Joel Lipscomb, husband of my deceased daughter, Henrietta; the one-eighth thereof to John J. Mastin, husband of my daughter, Julia; the one-eighth thereof to Charles E. Kearney, husband of my daughter, Josephine; the one-eighth thereof to William R. Bernard, husband of my daughter, Susan; the one-eighth thereof to Seth E. Ward, husband of my daughter, Mary Frances; the one-eighth thereof to Thomas H. Mastin, husband of my daughter, Elizabeth, and another eighth thereof to Seth E. Ward, to have and to hold in trust for the use and benefit of my daughter, Sarah Ann Behan; and the part of the real estate so held by him he is authorized to sell, on such time and terms as he shall see fit, and the proceeds thereof and the funds that may otherwise come into his hands he may loan out,

and the interest thereon and so much of the principal as he shall deem necessary for the support and comfort of her and her family he may pay over to her from time to time as her necessities may demand. Or he may re-invest such funds, if deemed best, giving to her the use or pro-ceeds of such property, and he may sell so often as he thinks best, and at her death whatever, if anything, there be left, shall be equally divided between her children. And the remaining one-eighth thereof I give and bequeath to Thomas H. Mastin, to have and to hold in trust for the use of Anna Harris, wife of my son, John S. Harris, and her children by my said son, and the real estate so given to the said trustee he is authorized to sell and convey whenever he shall deem best, and on such terms as he may see fit, and the proceeds thereof, and such other funds as may come into his hands, he may invest in other property, and that again, from time to time, sell; or he may loan all or any of such funds, and the interest arising therefrom pay over to her as it is earned; or, if, in his judgment, it will be proper, he may pay over to her the whole or any part of such funds, and her receipt therefor shall be a full and complete acquittance to such trustee. Whatever of such funds, if any, or of such property that shall remain in the hands of such trustee at the death of my said daughter-in-law shall go to and be divided equally between the children of my said daughter-in-law, by my said son, John S. Harris.

"In the case of the death of either of said trustees, it shall be competent for any court of record in said county, on the application of my said daughter or daughter-in-law, in their respective cases, to appoint a new trustee, and so soon after as any vacancy shall occur, and such new trustees shall have the same power, authority, and discretion in their respective persons as is herein delegated to the trustees hereby appointed.

"Third.—In case the devisees hereinbefore mentioned shall not be willing, or shall be unable to divide the real estate in kind, and for that purpose the said trustees are hereby authorized to execute and deliver, and

to accept and receive any and all needful deeds of release, and to select the portion so given to them in trust, then my executors are authorized and empowered to sell on such terms as they may see fit, all my real estate, or such part as may not be divided in kind, and the proceeds thereof divided as hereinbefore devised and on the same terms.

"Fourth.—Before any division of funds shall be made by my executors, all that portion of the indebtedness of my son, John S. Harris, to my daughter, Mrs. Behan, which shall remain unpaid, with the interest thereon, being now about eight hundred dollars, more or less, shall be deducted from the amount, so as aforesaid, going to Thomas H. Mastin, trustee, as before stated, and the same paid to Seth E. Ward, trustee for Mrs. Behan.

"Fifth.—I nominate, constitute and appoint T. H. Mastin and S. E. Ward executors of this my last will and testament.

"Signed and witnessed twenty-sixth of March, 1873.
"JOHN HARRIS."

The land devised by John Harris to his children was undivided at his death. It was afterwards divided by the children and the trustees, by execution of quit claim deeds, as the will provided it might be done.

On the third of March, 1882, by an order of the circuit court of Jackson county, Seth E. Ward was removed as trustee for Sarah A. Behan, and Henry French was appointed in his stead.

The plaintiffs claim that by the will of John Harris, the father, the indebtedness due from John S. Harris, the son, to Sarah Behan was made a charge upon the real estate set apart and allotted to Thomas H. Mastin, trustee for Anna Harris and her children. This suit was instituted for the purpose of having said indebtedness so declared a charge and enforced as such.

The circuit court found for defendants, and the plaintiffs appealed to this court.

GEORGE N. NOLAN, for the appellants.

I.   At the time John Harris made his will, his son,

John S. Harris, was indebted to his sister, Mrs. Behan, and was then, and still is insolvent. This debt was mentioned in said will and it was provided that it should be deducted from the share of John S. Harris, and paid to the trustee of Mrs. Behan. Said debt was never deducted, and still remains unpaid.

II. The testator made this debt a charge upon the share of John S. Harris. He intended that his children should have equal shares in his estate. No particular language is necessary to create a charge on land. If it can be gathered from the terms of the instrument and the surrounding facts and circumstances in aid of the construction that such was the intent, it will be sufficient. *Lupton v. Lupton*, 2 Johns. Ch. (N. Y.) 614; 2 Redfield on Wills (3 Ed.) 209; *O'Keson's Appeal*, 59 Pa. St. 99; *Quinby v. Frost*, 61 Me. 77; *Thayer v. Finnegan*, 134 Mass. 62.

III. The intention must be gathered from the whole will. The wish of the testator, if clearly expressed, no matter how, should be regarded as a command. *Burd v. Heron*, 16 P. F. Smith (N. Y.) 402; *Smith v. Hutchinson*, 61 Mo. 83; *Allison v. Chaney*, 63 Mo. 279; *Spooner v. Lovejoy*, 108 Mass. 533; *VanAmes v. Jackson*, 35 Vt. 177.

IV. It is well settled that equity will enforce a charge upon real estate into whosoever hands it may go. *Spencer v. Robbins*, 6 Gill. & J. (Md.) 507; *Owing's Case*, 1 Bland (Md.) 290. If once the jurisdiction has attached in a court of equity, it will give complete relief and determine the whole matter. Willard's Equity, 48; *VanBremer v. Hoffman*, 2 Johns. Ch. (N. Y.) 200.

V. A direction to deduct from a child's share debts owing by her to the other children, the object being to make equal distribution, was held to include statute-run debts. 3 Jarman on Wills (Last Ed.) 401, note and cases.

VI. By the terms of the bequest of John Harris to his wife of all the personal property, the testator made it possible for the executors to pay her all the principal, which makes untenable the claim of defendant that this

was the fund upon which the testator sought to make a charge in favor of his daughter, Mrs. Behan. Besides, the one-eighth of this fund (shown to be about $5,000) would not satisfy plaintiff's claim.

LIPSCOMB & RUST, for the respondents.

I. The petition does not state that the claim against John S. Harris had been reduced to judgment, and shows no equitable reason why such judgment should not be first obtained. A court of equity, in such case, will not entertain jurisdiction, even though the debtor is insolvent. *Kent v. Curtis*, 4 Mo. App. 121; *Pendleton v. Perkins*, 49 Mo. 565.

II. The trial court erred in admitting parol testimony to prove the express trust alleged in the petition; and if such testimony were now stricken from the record there would be nothing on which plaintiff could recover. Sect. 2511, Rev. Stat; *Peacock v. Nelson*, 50 Mo. 256; *Hunter v. Hunter*, 50 Mo. 445.

III. Plaintiffs' cause of action is barred by the statute of limitations. Sects. 3229, 3230, Rev. Stat.; *Hunter v. Hunter*, 50 Mo. 445.

IV. Under the proper construction of the will plaintiffs are not entitled to the relief asked, or any relief. Even if part of the land had been divided in kind, and part sold by the executors, and Anna Harris had taken hers in kind, there *would have been no charge on the part taken in kind* by Anna Harris.

V. The lots sold by Mastin for Anna Harris and her children are not subject to any charge as herein claimed. By the terms of the will Mastin had full power to sell all, or any of the property conveyed to him as trustee, according to his own discretion. The *property conveyed* was then relieved of the trust, and the *consideration* became the trust fund.

HALL, J.—If the intention of the testator was such as the plaintiffs contend it was, the will does not express it. The will provides that "before any division of

*funds shall be made by my executors,"* etc. This, no doubt, does create a charge upon the funds coming into the hands of the executors; but we cannot perceive how it makes any charge upon real estate which does not come into the possession of, and under the control of the executors. The land having been divided in kind among the devisees, as provided by the will, the executors had no power, whatever, over it. That section of the will, by which a charge is created, provides for the payment of the charge by the executors, before a division by them, out of the amount going from them to Thomas H. Mastin, trustee. We cannot say that by said section a charge was fixed upon the real estate received by said Thomas H. Mastin, trustee, not from the executors.

The judgment of the circuit court is affirmed. All concur.